ADALINE S. TAFT, *as Administratrix,* v. MARGARET S. BURRELL.

**No. 246.**

PARTIES ON ERROR — *mortgagor is necessary, to review of decree awarding and denying liens.* In an action to foreclose a mortgage, in which there is a personal judgment against the mortgagors in favor of several different claimants for liens, and the lien of plaintiff in error in this court is denied and the liens of other parties awarded to them, and the plaintiff in error seeks in this court to enlarge his judgment against the mortgagors and to establish his lien against the property in controversy, the mortgagors are necessary parties to the petition in error, and without the presence of such mortgagors this court has no jurisdiction of the case to determine such contention, and in their absence the petition in error will be dismissed.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed July 16, 1897. *Dismissed.*

*E. F. Hilton,* for plaintiff in error.

*A. Bergen,* for defendant in error.

MAHAN, P. J. This was an action to foreclose a mortgage and for a personal judgment against the mortgagors. The plaintiff in error also sought to foreclose a mortgage on the same property. There was a personal judgment in her favor, but a lien was denied. There was a judgment in favor of the defendant in error, decreeing her to have a first lien on the property. The mortgagors were parties defendant below, but they are not brought here. Plaintiff in error seeks to establish a first lien, enlarge her judgment against the mortgagors, and displace, to the extent of her first lien, the first lien of the defendant in error.

Under the well-established rule of the Supreme Court, as well as this court, we are without jurisdiction in the case because the mortgagors are not brought before the court. The plaintiff below is the only party brought here.

The motion will be sustained.