No. 35,511

In the Matter of the Estate of Ellen Boyce, Deceased. (B. S. MILLER, *Appellant*, v. ANDREW E. TACKETT, *Appellee*.)

(127 P. 2d 424)

filed July 11, 1942.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham,* of Parsons, was on the briefs for the appellant.

*A. L. Foster,* of Parsons, argued the cause, and *W. W. Brown,* of Parsons, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from the judgment of a district court which denied the right to probate an instrument purporting to be the last will and testament of one Ellen Boyce, and directed the probate court to proceed with the administration of her estate under a former will which had been probated.

The husband of Ellen Boyce died intestate in 1926. Ellen Boyce was his sole surviving heir. She died June 27, 1941, at the age of 85, without children, brothers, sisters or other near relatives and with an estate appraised at approximately $18,000. Her first will was executed August 18, 1938. In that will Andrew E. Tackett, appellee, and Vesta Tackett, his wife, close friends of Ellen Boyce for many years, were substantial beneficiaries. In that will she appointed Andrew Tackett as executor. It was the will that was probated, and administration of her estate was proceeding under that will in the probate court of Labette county, at the time the instant action was tried in the district court. In the last instrument executed August 2, 1940, the Tacketts were not beneficiaries and two other persons, B. S. Miller, appellant, and Mrs. Lola Hunter, were substantial beneficiaries. In the last instrument B. S. Miller was named as executor. B. S. Miller and Mrs. Lola Hunter were not beneficiaries under the probated will. The litigation was between these two sets of beneficiaries. The distant relatives, who are beneficiaries in varying amounts under the respective wills, are not parties to the action.

The probate court admitted the instrument of August 18, 1938, to probate as the last will and testament of Ellen Boyce and refused to probate the instrument of August 2, 1940, on the ground Ellen Boyce lacked testamentary capacity on the latter date. B. S. Miller appealed to the district court from the ruling refusing to probate the instrument of August 2, 1940. The district court likewise found Ellen Boyce lacked testamentary capacity on August 2, 1940. It also found the last instrument was executed under undue influence and held the last instrument should not be admitted to probate as

the last will and testament of Ellen Boyce. B. S. Miller has appealed from that judgment, from the order overruling his motion to set aside and modify findings of fact, from the order overruling his motion for additional findings of fact, from the conclusions of law, and from the order overruling his motion for a new trial. Andrew E. Tackett is the only appellee.

The validity of the will dated August 18, 1938, is not questioned. It will, therefore, stand unless the instant judgment is reversed and the instrument of August 2, 1940, is held valid.

Appellant first contends the record contains no evidence in support of the finding that Ellen Boyce lacked testamentary capacity on August 2, 1940. He contends the record overwhelmingly establishes her capacity to make a will on that date. The record is quite voluminous. It has been reviewed with utmost care. It is true there were various witnesses who testified, in effect or directly, that in their opinion Ellen Boyce possessed testamentary capacity, on August 2, 1940. The contention, however, that there is no testimony to support the contrary finding simply cannot be upheld. It will serve no useful purpose to set out the lengthy findings of fact which bear directly or indirectly upon that subject, nor to discuss in detail the motion of appellant to set aside and modify certain findings, nor the motion for additional findings. Assuming that portions of such motions properly might have been sustained, we remain confronted with the fact that the finding of lack of testamentary capacity on August 2, 1940, is amply supported by the record.

Appellant stresses the point that the record in the appointment of a guardian for the estate of Ellen Boyce in October, 1939, and the testimony of the probate judge, in the instant case, concerning the mental condition of Ellen Boyce at the time the guardian was appointed, indicate Ellen Boyce was not a feeble-minded person at that time. Appellant presses the fact that the affidavits of the two doctors who examined Mrs. Boyce at the time a guardian for her estate was appointed do not state she was incompetent and feeble-minded. Appellant urges the point that the latter conclusion was contained only in the judgment paragraph of the journal entry covering the appointment of her guardian and that in the fact-finding portion thereof is contained only the statement that Ellen Boyce, by reason of infirmity of age and loss of strength, was unable to attend to her business and financial affairs. Appellant further emphasizes the fact that the testimony of the probate judge in the

instant case who appointed the guardian was only to the effect that Ellen Boyce was unable to attend to her business and financial affairs and not that she was actually a feeble-minded and incompetent person.

If the foregoing facts were the only evidence in this record in support of the finding of lack of testamentary capacity, we might have a more serious problem presented, but such is not the case. The petition for the appointment of a guardian was verified by Ellen Boyce and was filed in her behalf and at her request by an attorney of her own selection. She expressed the desire that her old friend, Mr. Tackett, serve as guardian. The guardian was appointed entirely on her own initiative, so far as the record discloses, and as a result of serious difficulties she encountered in managing her own business affairs. She first consulted an entirely disinterested party, Luther Cortelyou, Jr., her banker, and to him expressed her desire to have a guardian appointed. It is unnecessary to detail the business difficulties she encountered and which prompted her action to have a guardian appointed for her estate. For several months after the appointment of the guardian of her own choice, Mrs. Boyce expressed relief and satisfaction concerning that action.

On September 10, 1940, appellant, B. S. Miller, filed a petition in the probate court asking for the restoration of Ellen Boyce and that her guardian be discharged. That petition did not challenge the validity of the appointment of the guardian. In fact, it practically conceded the validity of the appointment. That petition was filed upon the theory, and it alleged, the former condition of Ellen Boyce had improved, since the appointment of a guardian in October of 1939, to such an extent that she was now able and competent to manage her own affairs. Much evidence was introduced upon that subject and the probate court denied the petition. The appellant in the instant case then appealed from that order and judgment to the district court. Appellant and Lola Hunter signed the appeal bond in that case, and also signed the appeal bond in the appeal from the probate court to the district court in the instant case. On the hearing of the appeal to the district court, from the adverse ruling to discharge the guardian, Ellen Boyce testified at length. The district court, upon a review of the entire record, expressly found her condition had not improved since the appointment of the guardian in 1939, and it further expressly found that Ellen Boyce was then a "*feeble-minded person* and by reason thereof is incompetent

to manage her affairs and estate and that the guardianship of her estate should be continued." (Emphasis supplied.) That judgment was rendered December 23, 1940, which was about three months and three weeks after the execution of the last purported will. From that judgment of the district court no appeal was taken.

We return now to other testimony in the instant case. Without any attempt to narrate the testimony in detail it is sufficient to say that irrespective of the findings in the guardianship proceedings there was much other testimony which, if believed by the court, and it apparently was, sustained the finding of lack of testamentary capacity on August 2, 1940. It should suffice to note only one other bit of testimony. In June of 1940 Ellen Boyce went to the state of Illinois to visit some relatives. While there one of her relatives, Ralph Boyce, arranged a conference for her with Emil J. Benson, an attorney of many years' experience in probate matters. Mrs. Boyce had several conferences with him concerning the fact a guardian had been appointed for her estate. She expressed dissatisfaction concerning the fact that she was unable to deal with her own property without probate authorization. This occasion was after certain parties, including appellant and Mrs. Lola Hunter, had advised her it wasn't right for her to have a guardian of her estate, and that she should be permitted to do as she desired with her own property. Mr. Benson testified:

"From my conversations with Mrs. Boyce on June 1 and June 5, 1940, it is my opinion that Mrs. Ellen Boyce *was unquestionably senile and had fixed delusions that she was being unfairly treated by Mr. Tackett and also by the probate court of Labette county, Kansas, and that the doctors who had testified, although she conceded them to be her close friends,* were participating in the plan to deprive her of her property and to do her ill. Based on the two visits and my conversations with her on both occasions, *I am definitely of the opinion that she was feeble in both mind and body and that the infirmities of old age had caused her to lack testamentary capacity.*

"Q. Do you think that she was of sufficient mentality to manage her own affairs or that she fairly knew the extent of her property and that she had sufficient mental capacity to handle her own affairs or to make a will disposing of her property? A. *I do not think she had such mental capacity.*

"Q. And your answers are based on your conversations with her and your investigation of the entire affair confirming [concerning] her property? A. That is true.

"Q. Do you know Mr. Tackett or any of the attorneys or any of the persons with whom she directed that you correspond? A. I had no personal acquaintance with anyone other than Mr. Ralph Boyce, who I mentioned, nor have I seen any of the parties." (Emphasis supplied.)

There was also medical testimony which supported, or clearly tended to support, the finding of the trial court that Ellen Boyce had been in a senile condition prior to August 2, 1940, that she had delusions and that her condition had become progressively worse. Dr. N. C. Morrow was one of the examining physicians on October 31, 1939, when the guardian was appointed for the estate of Mrs. Boyce. He testified:

"On October 31, 1939, I felt that because of the infirmity of age, both physically and mentally, that Mrs. Boyce was unable to carry on her business affairs. I felt that Mrs. Boyce *was very definitely senile at that time.* . . .

"In my opinion she was not mentally capable in carrying on her business affairs. . . .

"Mrs. Boyce admitted to me that she was unable to carry on those things. . . .

"I believed she was right then *and I still believe she was right.* . . ." (Emphasis supplied.)

There was the testimony of Dr. Lawrence A. Proctor, who attended Mrs. Boyce from May 8, 1941, to the date of her death on June 27, 1941. He testified in substance: She died of myocardial failure, inability of the heart to carry on its work; that she probably had been suffering from hardening of the arteries for a period of five to ten years; senile degeneration is usually the involvement of the nervous system, the brain and the muscles all over the body; the term feeble-mindedness means an arrested mental process; Ellen Boyce's unconscious spells were probably caused by an edema of the brain which may have been brought on by an insufficient supply of blood to the brain; people who have arteriosclerosis, hardening of the arteries, are very prone to have unconscious spells.

Appellant strongly urges upon our attention the fact that Doctor Proctor also testified the mental condition of Ellen Boyce was normal, for a woman of her age, until her death. We have taken cognizance of that testimony and also of other testimony which supports or tends to support appellant's contention. But what is an appellate court to do with other testimony: that Ellen Boyce was definitely senile and mentally incapable of carrying on her business affairs in 1939; that a senile condition grows progressively worse; that in June, 1940, she was unquestionably senile and had fixed delusions she was being unfairly treated by the guardian of her estate, the probate court and by doctors whom she conceded to be her friends; the definite opinion of her Illinois attorney, who was an entirely disinterested witness, that in June, 1940, she lacked testa-

mentary capacity and the judgment of the district court of Labette county rendered on December 23, 1940, in which that court expressly found her condition had not improved since the guardian had been appointed in October, 1939, and that on December 23, 1940, she was a feeble-minded person?

This court, of course, is concerned only with substantial testimony which supports or tends to support the findings made by the trier of the facts. That principle repeatedly has been applied to cases involving testamentary capacity. (*Bradley v. Hill,* 141 Kan. 602, 606, 42 P. 2d 580, and to cases generally; *Walker v. Finney County Water Users Ass'n,* 150 Kan. 254, 92 P. 2d 11; *Raynes v. Riss & Co.,* 152 Kan. 383, 103 P. 2d 818.)

As heretofore stated, the district court also found the instrument of August 2, 1940, was the result of undue influence. Appellant insists there must be something more than an opportunity to influence. He also contends the evidence must disclose not only that Ellen Boyce was influenced, but that she was unduly influenced. In support of those contentions he cites *Ginter v. Ginter,* 79 Kan. 721, 101 Pac. 634; *Higbee v. Bloom,* 108 Kan. 723, 196 Pac. 1080, and *Klose v. Collins,* 137 Kan. 321, 20 P. 2d 494. In view of the finding and conclusion of the trial court, which we cannot disturb, that Ellen Boyce lacked testamentary capacity to make a will on August 2, 1940, the instrument executed on that date could not be and was not actually her last will and testament. Under these circumstances it becomes immaterial whether that instrument was the result of undue influence or not. The judgment must be affirmed. It is so ordered.