No. 36,367

EDWARD WALKER, *Appellant*, v. E. O. ANDERSON, Executor of the Estate of George Walker, Deceased; CALVIN WALKER, RICHARD WALKER, JOSEPHINE FLEMMING, EDNA BUSTER, LIZZIE CURRIN, EMMA ELLIOTT, JAMES WALKER, and ADELAIDE GLADDEN, *Appellees*.

(163 P. 2d 359)

Opinion filed November 10, 1945.

*J. N. Tincher, Clyde A. Raleigh* and *J. N. Tincher, Jr.,* all of Hutchinson, were on the briefs for the appellant.

*Herbert Diets,* of Great Bend, *William Davison,* of St. John, and *George Siefkin,* of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a son to contest the probate of his father's will. Plaintiff was unsuccessful in the probate and district courts and appeals to this court.

Appellees, proponents of the will, are other heirs at law and the executor of decedent's estate.

The grounds alleged for opposing the probate of the will were: (1) The instrument was not the last will and testament of George

Walker, deceased; (2) the will was obtained by undue influence; and (3) testator lacked testamentary capacity to make the will.

The case was tried by the court without a jury. The court resolved the issues against the opponent of the will and made corresponding findings of fact and conclusions of law.

The principal question on appeal is whether the findings are supported by substantial evidence. This was primarily a fact case and for the purpose of our review it is necessary to state a few often-repeated principles. Appellate courts are concerned only with evidence that supports, or tends to support, the findings made by the trier of the facts and not with evidence in conflict therewith. If there is substantial evidence to support the findings made this court is precluded from disturbing them. In determining whether the findings are supported by substantial evidence this court does not weigh or compare conflicting evidence. (*In re Estate of Boyce*, 155 Kan. 549, 127 P. 2d 424; *Mann v. Staatz*, 156 Kan. 275, 133 P. 2d 103; *In re Estate of Pallister*, 159 Kan. 7, 152 P. 2d 61.) These principles, of course, apply to each and every alleged ground of contest.

Touching the first alleged ground for contest the evidence abundantly established the execution of the will and the signatures of the subscribing witnesses with all the formality required by law after the will was read to the testator and he had discussed it with the scrivener at considerable length on several occasions. Whether the testator possessed the necessary testamentary capacity to enable him to understand what he was doing so that the instrument in reality constituted his own act will be considered in connection with the third ground of contest. Relative to the second ground of contest the court found there was no evidence of influence, undue or otherwise, exerted on George W. Walker in the making of the will. A review of the record compels an affirmance of that finding. On the subject of what constitutes undue influence see *Ginter v. Ginter*, 79 Kan. 721, 726, 101 Pac. 634; *Klose v. Collins*, 137 Kan. 321, 20 P. 2d 494; *Anderson v. Anderson*, 147 Kan. 273, 76 P. 2d 825.

This brings us to the third ground, appellant's principal contention, that the testator lacked testamentary capacity to make the will. On that issue the trial court reached a definitely contrary conclusion upon highly conflicting evidence. Appellant contends the trial court should have given greater weight to testimony of

certain members of the family who had more frequent opportunity to observe the testator's condition. With respect to that contention the trial court stated:

". . . of course the family may have had more opportunity to be with the father. I wouldn't say that any of the family have testified falsely in this case. I don't believe they did. But they have given greater weight and credit to a few incidents than the whole picture would warrant."

Manifestly we cannot say the trial court did not correctly weigh and analyze that evidence. While the trial court believed the testimony of various witnesses who thought the testator possessed testamentary capacity it was particularly impressed with the testimony of the subscribing witnesses to the will. The witnesses to the will were Dr. Clark W. Zugg, the testator's doctor during his illness in 1938; a banker, Edward Opie, with whom decedent had done a considerable portion of his banking business over a period of years; and with the testimony of Clyde Allphin, decedent's attorney and scrivener of the will. The court frankly so stated and later expressly found:

"The great preponderance of the *credible* evidence, is to the effect that at the time of the making of the will, the said George W. Walker was fully competent and knew generally the nature and value of his property, the persons who would be the natural objects of his bounty and was able to reason and fully knew what property he had and where he wanted it to go." (Italics ours.)

The finding of course, sustains the will. (*Delaney v. City of Salina,* 34 Kan. 532, 9 Pac. 271; *Klose v. Collins,* 137 Kan. 321, 20 P. 2d 494; *Bradley v. Hill,* 141 Kan. 602, 610, 42 P. 2d 580; *Mills v. Shepherd,* 159 Kan. 668, 673, 157 P. 2d 533.)

It will serve no useful purpose to analyze the testimony of the numerous witnesses. A careful study of the record convinces us the finding of testamentary capacity is abundantly supported by testimony convincing to the trier of the facts. The result is the finding is conclusive.

Appellant complains concerning the admission of some testimony to which he objected and argues the court probably considered it in making its findings. We cannot say the court considered that testimony when it ultimately made its findings. Assuming, without deciding, the testimony was improperly admitted there is no legal presumption it was considered and entered into the final decision. Rule 53 of this court reads:

"In trials before the court, without a jury, where evidence is admitted over proper objections, and not stricken out on timely motion therefor, it shall be presumed that such evidence was considered by the court and entered into its final decision in the case."

We find no motion by appellant to strike the particular testimony of which he now complains in his brief. In the absence of such a motion to strike, rule 53 has no application. (*Dean v. Metcalf*, 144 Kan. 174, 178, 58 P. 2d 1073.) It follows there is no presumption the evidence was considered and entered into the final decision of the court. Moreover, the testimony was in nowise essential to the finding of testamentary capacity. In reality it was only cumulative as there was an abundance of other testimony to support the finding.

It is claimed the trial court was prejudiced against one of appellant's witnesses, a handwriting expert. The record does not support the claim.

Appellant also asserts the decision was the result of the trial court's prejudice against him. An exhaustive search of the record before us utterly fails to disclose any evidence of such an accusation.

The judgment will have to be affirmed. It is so ordered.