## No. 36,765

In re Estate of Alexander Besse, Deceased. (SAMUEL J. SHRIVER, Executor, *Appellant,* v. ALDEN BESSE and HATTIE M. BESSE, *Cross-appellants* and *Appellees,* HAROLD U. BESSE et al., *Appellees.*)

## No. 36,780

In re Estate of Alexander Besse, Deceased. (HATTIE M. BESSE, *Appellant,* v. ALDEN BESSE et al., SAMUEL J. SHRIVER, Executor, *Appellees.*)

(183 P. 2d 414)

LELAND M. RESLER, judge. Opinion filed July 12, 1947.

*R. L. Letton,* of Pittsburg, argued the cause, and *P. E. Nulton,* of Pittsburg, was with him on the briefs for appellant Samuel J. Shriver.

*Carl Pingry,* of Pittsburg, argued the cause, and was on the briefs for appellee Hattie M. Besse; *Douglas Hudson,* of Fort Scott, argued the cause, and *Howard Hudson* and *Douglas G. Hudson,* both of Fort Scott, were with him on the briefs for appellee Alden Besse.

The opinion of the court was delivered by

WEDELL, J.: This action originated in the probate court. It was filed by Alden Besse, son of Alexander Besse, deceased, whose will had been probated and whose estate was being administered by Samuel J. Shriver, executor.

Insofar as now material the son's petition, in substance, alleged: He was a partner with decedent in the machinery business; petitioner had been engaged in the practice of law at Pittsburg and his father was engaged in the machinery business; on July 25, 1940, they entered into a written "temporary contract" which was signed by the decedent and the duplicate was signed by petitioner; on the same date they entered into an "Agreement" for a three-year period which was made a part of the temporary contract, copies of which alleged agreements were attached; the first agreement provided for a trial period of one month and for notice by either party in the event the trial proved unsatisfactory; if no such notice was given the second agreement was to become effective; no notice was given and the parties proceeded under the agreement as partners until the father's death on May 12, 1944; under the agreement petitioner was entitled to be decreed the owner of various properties in Pittsburg denominated in the agreement as the "small rent prop-

erty" without further description (twelve parcels were designated in the petition) ; a machinery warehouse was purchased by the father in his own name out of partnership assets after the formation of the partnership; the purchase of the warehouse was submitted to and approved by petitioner; it became a part of the partnership business; had been recognized as partnership property and should be included in the partnership administration.

Paragraphs 8 and 5 of the petition also alleged:

"At the time of the death of the deceased there had been credited on the books of the deceased to this petitioner, as profits due this petitioner as a partner, out of said machinery business which had not been paid to this petitioner at the time of the death of the decedent, the sum of $5,482.99, which is justly due and owing to this petitioner,·and to which there are no offsets, together with interest thereon at the rate of 6 per cent per annum from the date of the death of the said deceased on May 12, 1944."

"In accordance with the terms of said partnership agreement, the net profits of the business were divided or credit for the partnership profits given to this petitioner and to decedent equally up to the time of the death and upon the death of the deceased this petitioner under the law became and is entitled to administer the partnership affairs, and hereby offers to give bond as provided by law for the administration of the partnership affairs."

The prayer of the petition, in substance, was: That the machinery business as it existed at the time of his father's death be decreed to have been owned in equal partnership; that the warehouse be included in the partnership assets; that the "small rent property" be decreed to be owned by petitioner; that an accounting be had as to the rentals therefrom and the expenses thereon *since the death of the father* and that the personal representative be ordered to execute deeds of conveyance to the petitioner covering the "small rent property"; that an accounting be had as between the partnership estate and the general estate relating to the transactions in the partnership affairs *subsequent to the death of the deceased;* that the petitioner's claim for $5,482.99 be allowed as against the general estate together with interest at six percent per annum from and after the death of his father on May 12, 1944.

As previously stated, the temporary contract and the agreement bear the same date. The attached copy of the temporary contract evidenced only the signature of the decedent. The attached copy of the agreement did not evidence the signature of either party.

The executor and Hattie Besse, widow of decedent, filed separate answers to the petition in the probate court. The widow denied decedent ever executed or agreed to the so-called "partnership

agreement" attached to the petition and alleged she did not know whether decedent ever executed the so-called "temporary agreement" and asked that petitioner be put upon strict proof of its execution. Each of their answers contained a general denial of averments of the petition and the executor also alleged he did not know whether the decedent executed the alleged instruments and requested that petitioner be required to make strict proof of such execution.

Upon trial of the issues the probate court concluded: Petitioner and decedent were not partners in the machinery business; petitioner owned no interest in that business; petitioner did not own the "small rental property" and that the executor should not make deeds of conveyance covering that real estate; petitioner's claim in the sum of $5,482.99 together with interest at six percent per annum from and after May 12, 1944, was a proper claim against the separate estate of Alexander Besse and should be allowed as a fourth-class claim.

From that judgment the executor, the widow and the petitioner all appealed to the district court. In the district court case No. 36,765, involving the petition for partnership administration, and case No. 36,780, involving the separate estate of the decedent against which the claim of petitioner was allowed, were consolidated.

The parties stipulated that all pleadings, files and exhibits, including a transcript of the oral testimony adduced in the probate court, should be used in the district court but that any party was also privileged to introduce oral testimony. The trial was had on such transcript from the probate court together with oral testimony of the executor touching the issues of the existence of a partnership and the collection of rents from the small rental properties.

The trial court made findings of fact and conclusions of law. We deem it unnecessary to set out the extensive findings of fact. They are reflected in the conclusions of law made pursuant thereto. The trial court, in substance, concluded: The temporary agreement was signed only by the decedent; the agreement containing the terms of the alleged three-year contract was signed by neither party; the operations of the machinery business by the father and son were not based on the alleged written partnership agreement but were based on some mutual understanding and the acts of the parties; Alden Besse was an equal partner with his father in the machinery business; the father at his death was the sole and individual owner

of the real estate referred to in the alleged agreement as the small rent properties; the son, at the father's death on May 12, 1944, was entitled to his claim for profits of the partnership business in the sum of $5,482.99 and the amount was a claim against the partnership estate; the son should be permitted to give bond agreeable to the provisions of the law for the administration of the partnership affairs; an accounting should be had relative to all transactions between the general estate of the decedent and the partnership estate subsequent to the death of Alexander Besse; if the parties could not in sixty days agree with respect to such accounting the court retained jurisdiction to make all necessary orders in relation thereto.

No agreement on the accounting was reached.

In case No. 36,765 the executor has appealed and Alden Besse, the son, has cross-appealed. In case No. 36,780 Hattie M. Besse, the widow, has appealed. The cases have been consolidated on appeal. The contentions of the parties are not segregated under the respective cases but are treated as though only one case were before us. We shall treat them accordingly. In the interest of simplicity and clarity we shall, except where otherwise necessary, refer to the parties as the son, the widow and the executor.

The first question presented is whether this court will review and weigh the evidence pertaining to each of the issues presented on appeal. It is well established that when the evidence is written, documentary in character or in the form of depositions or transcripts, it is the duty of this court to decide for itself what the facts establish, substantially as it would in an original case. (*In re Estate of Kemper,* 157 Kan. 727, 145 P. 2d 103, and earlier cases therein cited.) The same rule applies where the only oral testimony adduced has little, if any, bearing on the principal question presented. (*In re Estate of Kemper,* supra, p. 734.)

As we view the record the above rule can safely be applied to only two points in this case. One pertains to the claim for a money judgment the son filed in the probate court. The pleadings were not changed in the district court. The son's claim in the probate court was clearly based on the contention that profits from the partnership estate were due to him at decedent's death in the specific sum of $5,482.99. He also sought an accounting on all affairs between the general estate and the partnership estate subsequent to decedent's death. He does not claim any oral testimony was adduced in the district court which tended to disturb the claim he

asserted for profits due him from the partnership estate at the time of its termination. With respect to that particular claim we shall, therefore, consider only the transcript of the record from the probate court and weigh the evidence as though this court had original jurisdiction. Having done so our conclusion is that all the son can recover as partnership profits is the amount he claimed to be due at its termination and that he cannot now reach back prior to decedent's death and recover a larger sum as profits on the theory they were improperly calculated. From the record before us it would seem quite doubtful whether an accounting covering the entire period of his relations with his father, if permitted, would be rewarding but with that point we are not now concerned and express no view.

We think the trial court properly directed an accounting of all transactions between the general estate of the decedent and the partnership estate subsequent to decedent's death.

Can we on the transcript of the record from the probate court alone decide whether a partnership actually existed between the father and son in the machinery business and whether decedent treated the real estate mentioned in the alleged contract as his own individual property? We think not. The executor had served decedent in many office capacities in relation to the machinery business. He was also decedent's bookkeeper for many years. He testified at length in the district court concerning the methods decedent employed in conducting various aspects of the machinery and other business both prior to July 25, 1940, the date of the alleged partnership agreement, and until his death.

The son argues the executor's evidence really constituted merely a repetition of his testimony in the probate court as disclosed by the transcript. Assuming, without deciding, that is true, the parties expressly stipulated they reserved the right to introduce oral testimony in the district court. Under that stipulation the testimony of all witnesses in the probate court might have been reproduced orally in the district court. Had that been done would this court be privileged to consider only the testimony of witnesses as contained in the transcript of the record from the probate court? We do not think so. Nor can we in the instant case say this court has had the same opportunity as the district court to see the witness who did testify, to observe his demeanor on the witness stand and to determine what weight should be accorded to his testimony.

It follows if there is substantial competent evidence which supports, or tends to support, the findings of the district court with respect to the existence of the partnership in the machinery business and its findings with respect to the real estate involved those find·· ings will not be disturbed. (In·re Estate of Walker, 160 Kan. 461, 163 P. 2d 359.)

As previously stated the trial court found the temporary, or trial, contract was signed only by decedent and that the three-year partnership agreement, to which the first agreement referred, was signed by neither party; that an equal partnership existed in the machinery business; the partnership in the machinery business, however, was not based on the alleged written contract but on some mutual understanding and the acts of the parties. There is ample testimony· to support these findings pertaining to the partnership in the machinery business. The only real estate mentioned in the unsigned partnership agreement was the undescribed property referred to in that instrument as the "small rent property." It appears from the evidence the property so denominated consisted · of twelve pieces of real estate which were rental properties. The court having found the alleged written agreement was not signed by either party and was not the basis of the partnership agreement, it follows the son could not obtain title to that real estate upon the basis of such contract or upon the theory of having acquired an equitable title thereto by reason of the fact the parties had actually carried out the terms of such partnership contract. Under these circumstances Gordon v. Munn, 87 Kan. 624, 125 Pac. 1, relied on by the son as authority for the contention he acquired an equitable title to the rental properties is not controlling. The court further found no instrument conveying such properties from the father to the son was made. There was also ample testimony to support the finding the father handled the rental properties as his own until his death. The court concluded as a matter of law:

"Besse on May 12, 1944, the date of his death, was the sole and individual owner of the real estate referred to as the small rent properties."

We think the findings and judgment relative to the rental properties must stand.

What about the warehouse for the machinery business? We find no reference to it in the oral testimony of the executor in the district court. Concerning that property we shall, therefore, reach our conclusion on the transcript of the record from the probate court. The

warehouse was not mentioned in the alleged written contract. It was purchased subsequent to the formation of the partnership in the machinery business and out of partnership funds. Prior to its purchase it was rented by the decedent as a warehouse for his machinery business. The title to the warehouse, like the title to all other property of every other business with which decedent was in any manner connected, was taken in his own name. He followed that custom with respect to partnership relations with other persons.

In the joint brief of the executor and the widow we are reminded the son on cross-examination testified:

"Q. Was that purchased out of machinery funds, that building? A. Yes, sir, that was purchased out of machinery funds. Of course the funds weren't kept separate, it was all thrown in one hopper, but it was purchased out of the machinery business, what rent money came in and other things."

The mere fact income from other sources was deposited in the general account from which the warehouse was purchased does not mean the warehouse was not purchased with funds of the machinery partnership. Moreover, there is not the slightest question concerning the fact the warehouse was expressly purchased for the machinery business and was used for that purpose. It constituted a portion of the machinery business and the partnership assets. There was much, and persuasive, testimony that decedent considered and advised others his son had a one-half interest in that partnership business. The district court concluded the son was an equal partner with decedent in the machinery business. The court did not exclude the warehouse as a partnership asset. In order, however, to avoid any possible later confusion it is hereby directed that in the accounting the warehouse building be treated as a partnership asset.

The judgment is affirmed.

Hoch, J., not participating.