No. 40,871

C. A. KARLAN FURNITURE COMPANY, INC., a corporation, *Appellee*, v. ROBERT A. RICHARDSON and HELEN RICHARDSON, his wife, *Appellants*.

(324 P. 2d 180)

Opinion filed April 12, 1958.

*William Hergenreter*, of Topeka, argued the cause, and *George Scott*, *Leonard W. Pipkin*, *Wendell L. Garlinghouse*, and *Warren W. Shaw*, all of Topeka, were with him on the briefs for the appellants.

*Harvey D. Ashworth*, of Topeka, argued the cause, and *A. Harry Crane*, *Ward D. Martin*, and *Arthur L. Claussen*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The plaintiff, C. A. Karlan Furniture Company, Inc., commenced this replevin action against Robert A. Richardson, Helen Richardson, his wife, and William H. Henderson, defendants, by filing a petition and/or bill of particulars in the court of Topeka, Shawnee County, Kansas. This pleading, which stated a cause of action in replevin, sought recovery of a certain RCA television set, alleged to have been sold to Henderson under a conditional sale contract and by him delivered to the Richardsons with knowledge of plaintiff's right, title and interest therein, and prayed for the possession of such property or judgment for its value in the sum of $255.27, against all defendants, together with costs of the action.

After service of summons the Richardsons filed an answer containing a general denial and setting forth other defenses to the plaintiff's cause of action. No service was ever had upon Henderson and for that reason future reference to the defendants and/or the appellants is to be regarded as having application to the Richardsons only.

With issues joined under the foregoing pleadings a trial by jury in the court of Topeka resulted in a judgment for plaintiff and

against defendants for recovery of possession of the television set or its value in the sum of $255.27.

Thereupon defendants appealed to the district court where the case was tried by the court on the original pleadings; the exhibits offered and received in the court of Topeka; a stipulation that the conditional sale contract between plaintiff and Henderson was recorded in the office of the Register of Deeds of Shawnee County on January 4, 1956; and a stipulation that certain witnesses, naming them, if present at the trial, would testify, thus and so, under oath to certain matters and things set forth in a statement following the name of each such witness. It should be noted at this point that the stipulation last above mentioned contains statements by witnesses for both the plaintiff and the defendants; that it gives their respective views on controverted phases of the lawsuit; and that in no sense is it to be regarded as an agreed statement of facts. The most that can be said for it is that, while it presented the evidence of each witness in documentary form, it permitted the court to weigh the testimony of all witnesses and decide for itself the weight to be given such testimony in reaching its decision on the decisive issues involved.

Upon submission of the cause, as just indicated, the district court took the case under advisement. Sometime later it announced it was apparent from the record presented that the defendants Richardson made Henderson their agent for the purpose of procuring a television set for them, and when they turned over the purchase price of such set over to Henderson they made him their agent for the purpose of transmitting payment for such set to the plaintiff and if their agent (Henderson) failed to deliver that money to plaintiff failure to do so should not result in a loss to plaintiff. After making this announcement the court found that plaintiff should have judgment against the defendants, and each of them for the possession of the television set and if possession thereof could not be given plaintiff should have personal judgment against the defendants, and each of them, in the sum of $255.27, and rendered judgment accordingly.

Following rendition of the judgment defendants filed a motion for judgment notwithstanding the verdict and a motion for a new trial. When these motions were overruled they gave notice of appeal, proof of service of which was accepted and waived by the

plaintiff, reciting that they were appealing from the overruling of such motions and from the judgment.

Turning to their specifications of error appellants first urge that the trial court made findings of fact not founded upon any issues made by the pleadings, contrary to the facts agreed upon and stipulated thereto by the parties, and based its judgment thereon. This, as will be observed, is a Hydra-headed claim of error. In our opinion the first portion thereof lacks merit and cannot be upheld because our examination of the pleadings discloses that issues were joined under the pleadings on all questions, including the claim of agency, which might uphold or defeat the rights of the parties. The second is also devoid of merit for the reason, as we have heretofore pointed out, that the parties did not submit this case to the court on an agreed statement of facts by stipulating that witnesses would testify, thus and so, under oath if they had been present at the trial.

Next it is argued that the judgment is in whole or in part contrary to the evidence. Let us see. An examination of the statements as to what the witnesses would have testified to if they had been present in court leads to the inescapable conclusion that Henderson bought the set in question from appellee under a conditional sale contract without divulging that he was acting for any one else but directed that it be delivered to the appellants' address; that the set was delivered to that address in one of appellee's delivery trucks, with the lettering C. A. Karlan Furniture Company appearing thereon, by one of its drivers and placed in the Richardson home at a time when Henderson and both of the appellants were present; that the set remained in appellants' home from that date until the commencement of this action; and that thereafter Henderson failed to make payments on such set in accord with the terms of the conditional sale contract, whereupon appellee made demand on appellants for the possession of such set and, when possession thereof was refused, brought this lawsuit. But that is not all. In their statements as to what they would testify to under oath if they had been present at the trial appellants both state the "The Richardsons" instructed Henderson to obtain a television set for them. In the face of such evidence it cannot be successfully argued that the trial court's previously related findings, which we pause here to note were incorporated in the journal entry, or its judgment, were contrary to the evidence.

Nor do we believe that in the face of such evidence it can be held, as appellants contend, that under reported decisions of this jurisdiction the trial court erred as a matter of law in granting judgment for appellee.

See *Edwards v. Gildemeister,* 61 Kan. 141, 59 Pac. 259, which holds:

"A contract executed by an authorized agent in his own name, but in fact in behalf of his principal, is the contract of the principal, and suit may be brought against him to enforce its provisions." (Syl. ¶ 2.)

See, also, *Fowle v. Outcalt,* 64 Kan. 352, 67 Pac. 889, where the following statement appears:

" 'Where an agent contracts in his own name and does not disclose his principal, the principal, having a right to sue, is also, when discovered, liable to a third party on the contract. The third party may elect whom he will sue.' " (pp. 357, 358.)

And see the early case of *Freund v. Hixon et al.,* (no. 241) 6 Kan. App. 919 (case 4) 49 Pac. 640, petition denied 10 Kan. App. XX. Although it is not printed in the above reports the opinion in such case is to be found in the office of the clerk of this court. Resort thereto will disclose that it holds:

"The only issue in this case was as to whether or not B. E. Freund acted for himself, or whether he acted as the agent of plaintiff in error in the purchase of certain material and in the construction of a barn. The issue was fairly presented to the jury by the instructions of the court, and the testimony was sufficient to warrant the verdict of the jury. The special findings are not inconsistent with the general verdict. Verdict and judgment affirmed." (Syl.)

And in the body of the opinion states:

"The fact that B. E. Freund did not disclose the authority given him by his wife to construct the barn, does not prevent the defendants in error from insisting that she should pay the bill."

For another decision where the same rule is recognized and approved see *Herkert-Meisel Trunk Co. v. Duncan,* 141 Kan. 564, 42 P. 2d 587, and the other cases therein cited.

In leaving this point it is interesting to note that under our decisions failure of an agent to disclose his principal works both ways. See *Hawkins v. Windhorst,* 87 Kan. 176, 123 Pac. 761, which holds:

"An agent may ordinarily, without disclosing the fact of his agency, make a valid contract in his own name for the sale of personal property, which may be enforced by the undisclosed principal.

"The application of this rule is not defeated by the mere fact that in the negotiations for the sale the agent stated that he was the owner of the property, and that the purchaser understood that to be the case." (Syl. ¶¶ 1, 2.)

In reaching the conclusions last above announced we have not overlooked contentions strenuously advanced by appellants to the effect that since the only evidence of record is in documentary form this court is required to decide for itself what the facts established, substantially in the same manner it would if this were an original case. We have so held. (*In re Estate of Kemper,* 157 Kan. 727, 145 P. 2d 103, and earlier cases therein cited; *In re Estate of Besse,* 163 Kan. 413, 183 P. 2d 414; *White v. Turner,* 164 Kan. 659, 192 P. 2d 200.) It must be remembered, however, such rule is subject to some elasticity under certain conditions. In that connection we have pointed out that even though we determine the facts from the printed page we cannot disregard the testimony of one witness and accept as true the testimony of others but, under such circumstances, should follow the ordinary rule, giving credence where the trial court gave credence, unless its findings of fact are illogical, improbable and unwarranted. See, e. g., *Akins v. Illinois Bankers Life Assurance Co.,* 166 Kan. 648, 655, 203 P. 2d 180.

We find nothing in the record or in contentions advanced by appellants which warrants a reversal of this judgment. Therefore it must be and is affirmed.

It is so ordered.

JACKSON, J., not participating.