J. W. KITCHELL V. R. T. HODGEN.

No. 15,645.    (97 Pac. 369.)

SYLLABUS BY THE COURT.

EVIDENCE—*Declarations against Interest—Vendor and Vendee.*
Generally declarations against his interest, made by the vendor
of real or personal property while by hypothesis title was
vested in him, are admissible in evidence against his vendee.

Error from Sedgwick district court; THOMAS C.
WILSON, judge. Opinion filed July 3, 1908. Affirmed.

STATEMENT.

THE petition in this case alleged a partnership be-
tween the plaintiff and others associated with him for
the purchase and sale of a tract of real estate on specu-
lation. The title stood in the name of James S. Foote.
The firm of Johnston & Blackwelder, real-estate agents,
assuming to represent Foote, procured the sale to be
made. The title was taken for the partnership in the
name of John S. Shelton, as trustee, who agreed to act
in accordance with the partnership agreement and such
instructions as might be given him, and to sell the land
and distribute the proceeds among the owners accord-
ing to their several interests. The partnership agree-
ment provided that the subscribers owned the land in
shares proportioned according to the contributions of
each one to the purchase-price. Johnston & Black-
welder appeared by the agreement to have advanced
$4000 toward the purchase-price of $24,000. The pe-
tition charged that Johnston & Blackwelder owned the
land at the time the sale was negotiated; that Foote
had no interest in it and only held the title for John-
ston & Blackwelder; that the sum of $20,000 furnished
by plaintiff and others and paid to Johnston & Black-
welder constituted the full purchase-price; that John-
ston & Blackwelder contributed nothing, and therefore
owned no interest in the property after Foote had con-

veyed to Shelton; and that the transaction was the result of fraudulent conduct and representations on the part of Johnston & Blackwelder. The prayer of the petition was in part that the interest of the copartners in the land be established, that the land be sold and the proceeds distributed, and for other relief.

J. W. Kitchell was made a party defendant. The petition alleged that he claimed an interest in the land by virtue of two deeds from Shelton, each purporting to convey an undivided one-sixth of the property, but it was charged that he had in fact no interest in the land; that the deeds were void as against the plaintiff and his copartners; that they were made without consideration, which fact was shown by the instruments themselves; and that they were made in violation of the trust agreement. The prayer was that the Kitchell deeds be declared void, and that he be excluded from any participation in the proceeds of the sale of the land.

Kitchell answered asserting title under the Shelton deeds, and asking for one-third of the proceeds of the sale of the land if it should be ordered sold. The plaintiff replied by a general denial, and by reasserting the special grounds of invalidity in the Shelton deeds as conveyances set forth in the petition.

Afterward Kitchell filed a supplemental answer setting up a quitclaim deed from Blackwelder and quitclaim deeds from Henry Strother and Robert Bruce, who had been members of the purchasing syndicate, whereby he claimed to be the owner of a third interest in the premises in controversy. The plaintiff replied that such deeds were without consideration moving from Kitchell, were given in fraud of the partnership, and that Blackwelder had no interest in the property and could convey none.

On the trial it sufficiently appeared that one of the Shelton deeds (the other need not be considered here) was given in an attempt to transfer to Kitchell whatever interest Johnston & Blackwelder had in the prop-

erty by virtue of the contract referred to, which interest was designated as an undivided one-sixth. No consideration passed to Shelton, who merely acted at the request of Blackwelder, the purpose of the transaction being the satisfaction of a judgment which Kitchell held against Johnston & Blackwelder. The quitclaim deed from Blackwelder set up in the supplemental answer was given for the purpose of ratifying and confirming the Shelton deed.

Before the deeds from Shelton to Kitchell were executed, suits in equity had been commenced in the United States circuit court for the district of Kansas by some of the parties to the partnership agreement asking for a rescission of it so far as it related to themselves and Johnston & Blackwelder, and for the restoration of the money they had paid to Johnston & Blackwelder by virtue of it. It was charged that Foote did not own the land, that Johnston & Blackwelder were the owners of it, and that they fraudulently induced the sale of it to the partnership, all substantially as alleged in this case. In the bills of complaint certain interrogatories were propounded to be answered under oath, which Blackwelder did in his answers, as follow:

"(1) Whether the original of the written contract above set forth is not in your custody, and is not correctly described in this bill, and whether it was not written by said George H. Blackwelder? Ans. It is; was written by George H. Blackwelder, and is substantially described in said bill.

"(2) Whether the beneficial ownership of the property described was not, at said time of said contract and representations, entirely in said Johnston & Blackwelder, as stated in this bill? A. Yes.

"(3) Whether, at said time, the entire $20,000 paid by the other members of the syndicate was not placed to the credit of Johnston & Blackwelder in bank, and what bank; and whether any part of it was paid to said Foote, or any part of the $4000 recited was paid by said Johnston & Blackwelder to said Foote, and, if so, on what account? A. The $20,000 was probably placed in the Citizens Bank of Wichita, at least part of it was.

No part of said sum was paid to Foote. The money placed in bank was to the credit of Johnston & Blackwelder.

"(4) Whether said Foote had knowledge, at the time, of said sale, and of the terms of said written agreement and whether he ever demanded any part of such purchase-money as belonging to him, and, if so, whether he claimed it as owner or as commissions for holding and conveying the legal title? A. Foote had knowledge of the sale, but had no knowledge of the contract between Shelton and the purchasers. He did not demand any part of the purchase-money."

To sustain the issues on his part the plaintiff offered these interrogatories and answers in evidence, together with enough of the proceedings in the federal court to show their relevancy. Kitchell objected, the evidence was excluded, judgment went against the plaintiff, and a new trial was granted because the evidence offered was excluded.

*Kos Harris, V. Harris,* and *S. W. Shattuck, jr.,* for plaintiff in error.

*Henry C. Sluss,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The only meritorious question presented is whether the declarations of Blackwelder in disparagement of his right, while he still claimed an interest in the property in controversy, were admissible against his assignee. The plaintiff in error makes all the arguments for the exclusion of ordinary hearsay testimony. They do not apply to admissions of this character. The cases are cited which reject such evidence. The weight of reason and of authority is in favor of its admission. The history of the development of the rule and all the vicissitudes, confusions and qualifications surmounted in its final recognition and statement, together with illustrative cases, are set forth in volume 2 of Wigmore on Evidence, sections 1080 *et seq.,* and 1458 *et seq.,* and

Kitchell v. Hodgen.

volume 3 of the same work, section 1780. The subject need not be gone over again here.

It is claimed that limitations have been placed upon the rule by expressions used in previous decisions of this court. A careful reading of the opinions in the cases cited shows that nothing of the kind was intended or resulted. Thus, in *Scheble v. Jordan*, 30 Kan. 353, 1 Pac. 121, the excluded declaration was made after transfer of title. In *Osborne v. Osborne*, 33 Kan. 257, 6 Pac. 271, the statements were not against the interest of the party making them. In *Crawford v. Crawford*, 60 Kan. 126, 55 Pac. 842, the statements were not against interest, and were mainly mere narrations of past occurrences.

In *Sumner v. Cook*, 12 Kan. 162, the syllabus reads:

"To make a declaration of one from whom a party obtains title to property admissible in evidence against the latter, it must have been made during the time the interest in the property was vested in the person making the declaration."

Whenever possession is an issue the statements of a predecessor in title limiting or qualifying his possession can not be used in evidence against one who claims to succeed him in right, unless made while possession continued in the party making the statements; but generally declarations against his interest, made by the vendor of real or personal property while by hypothesis title was vested in him, are admissible in evidence against his vendee.

A cause of action was stated against all defendants. The pleadings were broad enough to admit the evidence offered. It rested with Kitchell to plead and prove that he purchased without notice, if he desired to rely upon that defense. Beyond this the court need not inquire into the ultimate rights of the parties.

Other matters argued are unsubstantial. The order of the district court granting a new trial is affirmed.