No. 36,338

FRANK BOLIN and C. E. McLAUGHLIN, *Appellants*, v. THE JOHNSON COUNTY NATIONAL BANK AND TRUST COMPANY et al., *Appellees*.

(159 P. 2d 477)

Opinion filed June 9, 1945.

*John T. Harding* and *Robert L. Spurrier*, both of Kansas City, Mo., argued the cause, and *Howard E. Payne*, of Olathe, *David A. Murphy, R. Carter Tucker* and *John Murphy*, all of Kansas City, Mo., were on the briefs for the appellants.

*Roy B. Thomson*, of Kansas City, Mo., argued the cause, and *John W. Breyfogle*, of Olathe, was on the briefs for the appellees; *Paul R. Stinson, Arthur Mag, Roy B. Thomson, J. H. McEvers* and *R. B. Fizzell*, all of Kansas City, Mo., of counsel.

The opinion of the court was delivered by

BURCH, J.: This is a real estate commission case in which different agents are claiming the commission. A jury was waived and the issues were submitted to the court. The plaintiffs contend that they were the procuring cause of the sale but the court found that

another agent, Harold S. Bradley, was the effective and procuring cause of the sale.

Finding of fact No. 6 reads as follows:

"At the time of the sale of said real estate by said Bank to the said George W. Gagel, the said Harold S. Bradley was the effective and procuring cause of said sale, as the exclusive agent for the sale of said property by said Bank."

The court's conclusion of law No. 3 reads as follows:

"The Defendant Bank, under all of the evidence given in the trial of this case, had the lawful right to pay to said agent, Harold S. Bradley, who was the procuring cause of the consummation of the sale of said real estate, the commission for his said services."

Examination of the record discloses that there was a sharp conflict in the testimony as to which agent or agents may have been the procuring cause of the sale. Of course, this court cannot set aside findings of fact if they are based upon conflicting evidence but the plaintiffs contend that the evidence relied upon consists of admissions, depositions and exhibits and that therefore this court is in the same position as the district court and will determine the effect which should be given to such evidence. They cite in support thereof the following cases: *DePee v. National Life & Accident Ins. Co.*, 144 Kan. 751, 753, 62 P. 2d 923; *Protheroe v. Davies,* 149 Kan. 720, 729, 89 P. 2d 890; and *Swisher v. McMain,* 153 Kan. 401, 413, 110 P. 2d 765, 772.

Difficulty arises in applying the rule to the present case because only a part of the evidence which must be considered in order to reverse the trial court's conclusion consists of admissions, depositions and exhibits. The evidence relied upon by the plaintiffs as showing bad faith on the part of the bank in paying Mr. Bradley the commission requires consideration of testimony given in the trial of the case by a Miss Elizabeth Schlecht, who was an assistant secretary of the defendant bank. Her deposition had been taken also and it was used as a basis of cross-examination but her direct testimony was given in the regular way in the course of the trial.

A short statement as to the controversial facts should be given. The bank, while acting as trustee for an estate, had listed a certain property with various real estate agents. Before any sale resulted, the trust officer of the bank, a Mr. Meyer, decided to give the agent, Harold S. Bradley, an exclusive listing. In furtherance thereof Miss Schlecht, who was secretary to the trust officer, wrote letters to all of the agents with whom the property had been listed

and the form letter which she sent to one of the plaintiffs, Mr. Bolin, named, among others, the ultimate purchaser, a Mr. Gagel, as one of Mr. Bolin's prospective purchasers. Such letters, in substance, allowed the agents to whom the letters were addressed, a period of fifteen days in which to consummate a sale of the property to any person to whom the agents might have exhibited the property. Within the fifteen-day interval provided in the letter, some friends of Miss Schlecht called her on Sunday and stated, in substance, that a friend of theirs, a Mr. Gagel, might be interested in buying the property. As a result of the call Miss Schlecht met Mr. Gagel at the premises and he inspected the same. During the conversation which occurred between them, Miss Schlecht inquired if any agent had shown Mr. Gagel the property and he replied in the negative. She told him that, therefore, in case he was interested in buying it he should consult with Mr. Bradley or with the bank. A day or two later Mr. Gagel called Miss Schlecht and asked her about bus service to and from the premises. She informed him she would get the information for him and in a subsequent telephone conversation Mr. Gagel advised Miss Schlecht that he might be interested in purchasing the property for $21,000 or $22,000. The bank had not fixed a purchase price for the property in connection with the listing thereof. In reply to Mr. Gagel's statement Miss Schlecht said that the bank had received previous offers for larger amounts and that she was sure the bank wouldn't consider such an offer.

The plaintiffs contend that the bank, acting through Miss Schlecht, was guilty of bad faith under such circumstances in not advising either of the plaintiffs anything about her having shown the property to Mr. Gagel or about his offer to purchase. They contend vigorously that the evidence shows on its face that Miss Schlecht was guilty of bad faith and in support thereof call attention to the fact that she was the same party who had written the letter to Mr. Bradley in which Mr. Gagel had been named as Mr. Bolin's prospective purchaser. They further contend that because Miss Schlecht advised Mr. Meyer, the trust officer of the defendant bank, as to her having shown the property to Mr. Gagel, that both she and Mr. Meyer knew that negotiations were pending involving the possible purchase of the property by Mr. Bolin's prospect and that there had been no abandonment of such negotiations at the time the fifteen-day period expired. This contention is supported by a letter which Mr. Gagel wrote to Mr. Bradley shortly after the expiration of the

fifteen-day period, in which letter Mr. Gagel referred to his previous offer of $22,500, which apparently was the same offer made to Miss Schlecht in the telephone conversation between her and Mr. Gagel.

It is true that the evidence failed to show that Miss Schlecht ever advised either of the plaintiffs in regard to the offer but it should be noted that the evidence also fails to show that she ever advised Mr. Bradley about Mr. Gagel having seen and having offered to purchase the property. The evidence also failed to develop that either of the plaintiffs had contacted the bank during the fifteen-day period provided in the letter for consummation of a sale.

In the case of *Henschel v. Sutton,* 120 Kan. 260, 242 Pac. 1024, the third paragraph of the syllabus reads as follows:

"Where the contention of the broker is that he had earned his commission, and that the owner terminated his agency and took the property out of the market, when a purchaser had been procured, and made the sale of the property through another broker to the prospective purchaser with whom the plaintiff broker had been negotiating, the question of the good faith of the owner was a prominent issue in the case which required full instructions to the jury on the subject."

See, also, 43 A. L. R. 1116 note and 88 A. L. R. 720 note.

Such a rule is applicable to the present case but obviously in order to reverse the judgment of the trial court we must be able to find, as a matter of law, that the defendant bank, acting through Miss Schlecht and Mr. Meyer, was guilty of bad faith. Miss Schlecht's explanation of why she did not notify the plaintiffs is, in substance, as follows:

At the time when she wrote the letter to Mr. Bolin she also wrote similar letters to numerous real estate agents. When she showed the property to Mr. Gagel he informed her that no one had shown it to him before, and at the time she had forgotten that the particular form letter which she had written to Mr. Bolin contained the name of a Mr. Gagel. She testified that she did not have any memory or recollection about Mr. Bolin having named Mr. Gagel as one of Mr. Bolin's prospective purchasers. The letter written to Mr. Bolin was dated March 29, 1943, and the inspection of the house by Mr. Gagel with Miss Schlecht occurred on April 11, 1943. There was nothing in the subsequent conversations between Mr. Gagel and Miss Schlecht which called her attention to the fact that possibly Mr. Gagel had been produced as a prospective purchaser by Mr. Bolin. There is nothing in the record to show that she or Mr. Meyer had such fact called to their attention in any manner

at any time prior to the ultimate sale of the property. On the contrary, there is evidence establishing the fact that the plaintiff, Mr. McLaughlin, at the time of the consummation of such sale, acted as the agent of Mr. Gagel. All of Mr. McLaughlin's efforts in connection with the actual consummation were wholly in furtherance of the interests of the purchaser and he did not inform anyone acting in behalf of the bank at such time that he was expecting to participate in the commission which the bank would owe to him and the co-plaintiff, Mr. Bolin, although Mr. McLaughlin did tell Mr. Gagel in effect that the seller always paid the commission and that Mr. Gagel would have no expense other than the actual purchase price. Miss Schlecht was asked whether in showing the property to Mr. Gagel she was trying to interfere with the sale of the property or accelerate the sale and she replied: "I was trying to sell it."

Mr. Meyer, the trust officer of the bank, testified that he never received any offer to purchase the property at any price or on any terms from either of the plaintiffs in the case and that when Mr. McLaughlin called him after he had accepted the offer of Mr. Gagel made through Mr. Bradley that Mr. McLaughlin said he was representing Mr. Gagel in closing the details of the sale.

The district court observed the demeanor of the witnesses, their apparent candor and good faith or the absence of it. We are unable to conclude, as a matter of law, that the defendant bank was acting in bad faith. For us to disregard entirely the question of bad faith and hold, as a matter of law, that the plaintiffs' efforts procured the sale, would require us also to disregard wholly the deposition of one witness and accept as true the testimony given in the depositions of other witnesses. Under such circumstances unless the trial court's findings of fact, even though based solely on depositions and exhibits, is illogical, improbable and unwarranted, we are inclined to follow the ordinary rule giving credence where the trial court gave credence. In this case such evidence would warrant either of two directly contrary findings of fact. Even though we might be inclined to disagree with the trial court, nevertheless, it cannot be said, as a matter of law, that the trial court was not justified in making its finding of fact. There was adequate evidence to support it. The plaintiffs do not contend that the notice terminating the agency was in itself unreasonable and consequently we would not be justified in ignoring its legal consequence.

The judgment is affirmed.