No. 38,554

MABEL M. HARRINGTON, *Appellee,* v. ALBERT M. HARRINGTON, THELMA REEDER, ENID TOWNSEND, G. A. MERRYMAN, SARAH MERRYMAN, CLAUDE ASHLOCK and ——— ASHLOCK, his wife, *Appellants.*

(241 P. 2d 513)

Opinion filed March 8, 1952.

G. E. Pees, of Iola, was on the briefs for the appellants.

*Frederick G. Apt* and *Howard M. Immel,* both of Iola, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action by a wife against her husband to have it decreed that she was the owner of an undivided one-half interest in certain real property or the proceeds thereof. A trial by

the court resulted in judgment for plaintiff and defendant has appealed.

Counsel did not request the court to make findings of fact and conclusions of law and none were made. The pertinent portions of the record may be summarized as follows: Plaintiff and defendant, Albert M. Harrington, were married March 24, 1945. It was the second marriage for each of them. She was sixty-two years of age and he was about seventy-three. They had known each other two or three years. They lived in Ottawa, where he was working until the fall of 1945, when his work ceased and they moved to a 160-acre farm which he owned in Allen county. They lived on the farm about two years and sold it in November, 1947. Plaintiff alleges and on the trial testified that before they sold the farm it was agreed between them that they were to buy a smaller place for their home and would take the title to the property purchased in the names of both of them as joint tenants with the right of survivorship. They did buy a small tract of about four acres near La Harpe. That was a well improved suburban property with fruit, flowers, grass and a place for a garden and for the raising of chickens. They lived there about two years, but the work of caring for it was too much for him and they concluded to sell it and buy a place in Iola. Not finding a place immediately to purchase they moved into a one-room apartment and stored some of their furniture. A few days after they moved into the apartment the husband told his wife that he was through with her and was going to his daughter's. Plaintiff had been reared in a Methodist parsonage and had never attempted to transact business. When her husband left her she went to the courthouse and discovered that when the La Harpe property was purchased instead of its being conveyed to her and her husband as joint tenants with the right of survivorship it had been conveyed to her husband for life with remainder to his two daughters by his first marriage. She contacted her son in Oklahoma, who came to Iola, with the result that this action was brought. It then developed that the husband and the daughters had contracted to sell the La-Harpe property, a part of it to one purchaser and the remainder to another; that contracts had been drawn and the deed to the prospective purchasers had been executed and placed in escrow in the bank. The deeds were signed by the daughters and their respective husbands and signed by Albert M. Harrington without stating his marital status, but the acknowledgment of the deed recited that he was a single man.

While this case was pending the parties stipulated that the sale of the La Harpe property should go through but that one-half of the proceeds should be deposited in court to await the judgment of the court, and that was done.

The trial court heard the evidence and on conflicting testimony found in harmony with plaintiff's testimony that the farm was a homestead of the parties and when she gave that up, with the agreement that another home should be purchased in which she would be a joint owner, the proceeds of the farm became in the nature of a trust fund for the purposes agreed upon, and that she was entitled to one-half of the net proceeds of the sale of the La Harpe property.

In this court counsel for appellant presents the point for our consideration, "Is the wife entitled to one-half or any part of the husband's property in controversy in this case?" Counsel recites the pertinent facts and in support of his contention the wife was not entitled to recover cites *Helm v. Helm,* 11 Kan. 19, the only syllabus of which reads:

"Where the wife was compelled to sign a deed for the conveyance of the homestead by threats of her husband and the purchaser to take her life if she refused, *held,* that a signature procured in that manner is not such a consent to part with the homestead as the law requires, and that the wife may bring suit at once to have such signature declared void."

Counsel also cites *Osborn v. Osborn,* 102 Kan. 890, 172 Pac. 23. That was an action in which the wife, after the death of her husband, was claiming, under what is now G. S. 1949, 59-505, an interest in property in which the husband owned only a life estate. The court held:

"A widow had no interest, under the statute, in lands purchased by her husband with his own funds and deeded to him 'and at his death to his sons,' his interest being a life estate only."

We think neither of these cases is helpful to appellant.

Counsel for appellant does point out that the agreement relied upon by plaintiff with respect to the selling of the farm and the purchasing of another home in which she would have a joint interest was verbal. We note the fact that defendant's answer in this case was nothing but a general denial. He did not plead the statute of frauds nor the statute of limitations. Aside, however, from those omissions in the answer we think the court was fully justified in its conclusions. Here was a confidential relation between the husband and wife, the sale of the farm was induced by the agreement pleaded and testified to by plaintiff, and there was a breach by defendant

of the confidence reposed. This is ample to establish a resulting trust in the proceeds of the farm. See *Staab v. Staab,* 160 Kan. 417, 163 P. 2d 418. More than that, this court never permits the statute of frauds to be used to perpetrate a fraud. See *Green v. Green,* 34 Kan. 740, 10 Pac. 156; *Lyons v. Lyons,* 114 Kan. 514, 518, 220 Pac. 294; *Hazen v. Garey,* 168 Kan. 349, 359, syl. 2, 212 P. 2d 288.

We find no error in the record. The judgment of the trial court is affirmed.