No. 40,887

Otto J. W. Boese and Almeda A. Boese, his wife, *Appellants*, v. Harry Lyle Crane and Betty J. Crane, his wife, *Appellees*.

(324 P. 2d 188)

Opinion filed April 12, 1958.

*Buford E. Braly,* of Kansas City, argued the cause and was on the briefs for appellants.

*J. E. Schroeder,* of Kansas City, argued the cause, and *Arthur J. Stanley, Jr., Lee E. Weeks* and *Leonard O. Thomas,* all of Kansas City, were with him on the briefs for appellees.

The opinion of the court was delivered by

SCHROEDER, J.; This is an action in ejectment wherein plaintiffs seek to eject defendants from a small tract of land occupied by the defendants' garage. The parties waived a jury. Trial was had to the court and judgment rendered against the plaintiffs for costs, whereupon appeal was duly perfected to this court.

The question presented is whether defendants acquired title to the land upon which the garage was situated by adverse possession.

The property of the appellants (plaintiffs) is located at 1712 Cleveland Avenue, Kansas City, Kansas. Adjacent to this property on the east at 1710 Cleveland is the property of the appellees (defendants). These properties face the street to the south.

In May, 1925, Frank Dimsdale and his wife, Myrtle Dimsdale, purchased the property at 1710 Cleveland and lived there until approximately August, 1954, when they sold the property to the defendants. In May, 1944, the plaintiffs purchased the property at 1712 Cleveland on an option contract. On the 6th day of September, 1951, the plaintiffs completed payments on their contract and received a warranty deed for the property. The plaintiffs have had possession of their property since the year 1944, and have paid taxes thereon since that time.

The only survey introduced in evidence was made at plaintiffs' request on the 25th day of April, 1955, and this action was filed on May 2, 1955. This survey, admitted to be correct, disclosed that the garage at the northwest corner of defendants' property encroached upon the land covered by plaintiffs' deed by a distance of 1.13 feet at the front and 1.6 feet at the back. The garage is 18.2 feet in length and the portion described has been occupying the property claimed by the plaintiffs since the year 1925. The foregoing facts are not controverted by the parties. Therefore, the question of possession by the defendants and their predecessors in title for more than 29 years prior to filing this action is admitted.

This court has held that the location of a "true line" by a survey does not determine title to real estate, the ownership of which is claimed by adverse possession. (*Edwards v. Fleming,* 83 Kan.

653, 112 Pac. 836; and *Wagner v. Thompson*, 163 Kan. 662, 186 P. 2d 278.)

In an ejectment action, such as this, a general denial by way of answer puts the case at issue and the defendants are entitled to prove any fact that will sustain their own title or defeat that claimed by the plaintiffs. (*Tucker v. Hankey*, 173 Kan. 593, 250 P. 2d 784.) The defendants' defense, among other things, is an assertion of adverse possession for more than 15 years.

The plaintiffs contend that possession alone is not sufficient to confer ownership but that the possession must be hostile, adverse, notorious, continuous and exclusive for a period exceeding 15 years, and title by adverse possession cannot be obtained where property is occupied under a mistaken belief as to the true boundary line where there is no evidenced intention to hold beyond the true line. (Citing: *Simpson v. Goering*, 161 Kan. 558, 170 P. 2d 831; and *Wilson v. Pum Ze*, 167 Kan. 31, 204 P. 2d 723.) This statement clearly indicates the issue between the parties to this appeal.

The question of adverse possession has been before this court many times and the law has become rather well settled. Where there is a doubt as to whether the occupant of land claims adversely, under claim of right, so as to acquire title by adverse possession, it is a question of fact to be determined by the trial court upon all the evidence presented. On appeal to this court, findings of fact will not be disturbed if supported by substantial competent evidence, and in a determination of that question this court does not weigh the evidence but is concerned only with whether it supports the findings made by the trial court. (*Tucker v. Hankey*, supra; and *Truck-Trailer Supply Co. Inc. v. Farmer*, 181 Kan. 396, 311 P. 2d 1004.)

This court has recognized that under certain circumstances when the evidence is written, documentary in character, or in the form of depositions or transcripts its duty is to decide for itself what the facts establish, substantially as it would in an original case. (*In re Estate of Kemper*, 157 Kan. 727, 145 P. 2d 103; *In re Estate of Besse*, 163 Kan. 413, 183 P. 2d 414; and *White v. Turner*, 164 Kan. 659, 192 P. 2d 200.)

The testimony of Mr. and Mrs. Dimsdale in the trial court was in the form of depositions. All other witnesses were present and testified in person. It is urged that this court apply the foregoing rule in reviewing the decision of the trial court, that is, to treat the

case as if it were an original case. This rule, however, is not universally applied under all conditions. It has been applied where *all* the evidence is in written form (*White v. Turner,* supra); where the only oral testimony adduced has little, if any, bearing upon the principal question presented and all other evidence is in written form (*In re Estate of Kemper,* supra); but has not been applied to testimony written in form where the court would be called upon to disregard the testimony of one witness and accept as true the testimony of others (*Bolin v. Johnson County Nat'l Bank,* 160 Kan. 61, 159 P. 2d 477 [deposition testimony]; *Karlan Furniture Co. v. Richardson,* 182 Kan. 756, 324 P. 2d 180, No. 40,871, decided April 12, 1958 [stipulated testimony]; and see, also, *Akins v. Illinois Bankers Life Assurance Co.,* 166 Kan. 648, 203 P. 2d 180).

The circumstances in the present case do not call for an application of the rule urged by plaintiffs, where all of the evidence is in written form. The ordinary rule, giving credence where the trial court gave credence, as in *Tucker v. Hankey,* supra, and *Truck-Trailer Supply Co. Inc. v. Farmer,* supra, must control this decision. All of the plaintiffs' witnesses testified in person and all of the defendants' witnesses except Mr. and Mrs. Dimsdale testified in person. The deposition testimony of the Dimsdales was corroborated in many respects by one of the defendants' witnesses, and the testimony of the plaintiff, Otto Boese, insofar as the issue in this case is concerned, was contradictory to the plaintiffs' evidence. Should the rule propounded by plaintiffs apply, a reversal would require this court to give credence to the testimony of Otto Boese, when as a matter of fact it is apparent that the trial court rejected his testimony. The trial court had the opportunity to observe each of the witnesses who testified in person and familiarize himself with their demeanor on the witness stand, their interest in the controversy, and the greed and avarice manifested by each.

Under these circumstances plaintiffs' specification that the trial court erred in believing the evidence contained in the depositions of Frank and Myrtle Dimsdale is without merit.

Whether the trial court erred in ruling that the evidence of the defendants was sufficient to establish adverse possession requires a review of the evidence. The record, as abstracted, before this court is silent as to whether the trial court made findings of fact and conclusions of law. We have before us only the judgment and what inheres in it. The judgment for the defendants indicates

a general finding in their favor. It is settled that a general finding made by a trial court determines every controverted question of fact in support of which evidence has been introduced. Further, a general finding by the trial court raises a presumption that it found all facts necessary to sustain and support the judgment. (*Dryden v. Rogers*, 181 Kan. 154, 309 P. 2d 409, and cases cited therein.)

Our review of the evidence will be made to determine whether a finding of adverse possession is supported by substantial competent evidence. It is the contention of the plaintiffs that the substance of the Dimsdales' deposition testimony discloses that title was claimed under a mistaken belief as to the location of the true boundary line, and that by reason thereof title was not acquired by adverse possession.

Mr. Dimsdale testified that the garage on the property was used for his car, tools, lawnmower and other property. He testified that no one else had access to the garage except his family; that the garage had a concrete floor and the west wall was concrete for about 2 feet in height and was frame thereabove; that he painted the garage every two or three years, made repairs to the garage; that he enlarged it in the year, 1940, by extending its length, and that the garage was listed for taxation and he paid the taxes thereon from 1925 until the time he left; that he had the garage insured against loss or damage as his property. That through the years he had pointed out to the neighbors that he claimed ownership to a point about 2 feet west of his garage where stakes were located, and that he cut the grass on his land west of the garage until the plaintiffs in 1954 built a garage on their land so close that he could not get between the two buildings. He testified that the garage was located in that position when he bought the property and the garage was never torn down or rebuilt and that he never moved the garage, and it stayed exactly where it was from 1925, until he sold 29 years later. The testimony of Mrs. Dimsdale was to the same effect, and that she sometimes assisted him in painting and maintaining the garage.

The deposition testimony of the Dimsdales was corroborated by a neighbor lady who lived adjacent to and north of the properties in question since 1932. She testified as to Mr. Dimsdale painting, repairing and performing numerous acts of ownership over the garage. She also observed that Mr. Dimsdale asserted ownership

over the narrow strip of land to the west of the garage by mowing the grass on it.

The physical characteristics of the properties were viewed by the trial judge before he made his decision in this case. The physical facts disclosed that the plaintiffs' property on the west was higher in elevation than the defendants' property and that a retaining wall of concrete had been constructed between the two properties. This retaining wall was described by the plaintiff, Otto Boese, as the driveway wall. He further testified that the east side of his concrete driveway ran from a point on Cleveland Avenue approximately where the survey shows the "true line" to be thence north and at a slight angle to the west to the southeast corner of his garage. This garage constructed by Otto Boese in 1954 on the east side is only 10 inches from the west wall of the defendants' garage. This means that the retaining wall at the point of the defendants' garage passes approximately 2 feet to the west of the "true line" indicated by the survey.

It is readily apparent from the record as abstracted that there is not a single word of testimony in the depositions of Mr. and Mrs. Dimsdale that title was claimed under a mistaken belief as to the true boundary line.

In the trial of an action such as this it devolves upon the defendants claiming title by adverse possession to clearly make out their claim. Title by adverse possession must be established by clear and positive proof. It cannot be made out by inference. Every presumption is in subordination to the rightful owner. (*Finn v. Alexander,* 102 Kan. 607, 171 Pac. 602.) It is thus presumed that when the defendants' predecessors entered into possession under their deed, they claimed only the title given by their deed. (*Edwards v. Fleming,* supra.) But these are presumptions only and may be overcome by proof. (*Kansas Power & Light Co. v. Waters,* 176 Kan. 660, 272 P. 2d 1100.)

The real test as to whether or not the possession of real estate beyond the true boundary line will be held adverse is the intention with which the party takes and holds possession. It is not merely the existence of a mistake but the presence or absence of the requisite intention to claim title that fixes the character of the entry and determines whether the possession is adverse. (*Schlender v. Maretoli,* 140 Kan. 533, 535, 37 P. 2d 993; and *Tucker v. Hankey,* supra.) The intent with which the occupant has held possession

is to be determined from all the surrounding circumstances and especially from the acts of the possessor. His intention need not have been manifested by words of mouth. The acts done must be such as to give unequivocal notice of the claim to the land adverse to the claims of all others and must be of such a character and so openly done that the real owner will be presumed to know that a possession adverse to his title has been taken. (*Tucker v. Hankey,* supra; and *Truck-Trailer Supply Co. Inc. v. Farmer,* supra.)

The defendant, Harry Lyle Crane, testified that he purchased the property at 1710 Cleveland on July 23, 1954, and two days after receiving his deed to the property Otto Boese came to his office and talked to him. When Boese told him about the location of the garage, Crane informed Boese that he did not know anything about it and would discuss the matter after he moved in. The defendant, Harry Lyle Crane, denied that he had made statements which the plaintiff, Otto Boese, attributed to him in his testimony in chief concerning his claim of ownership to the property and testified at some length concerning the difficulty he had had with Mr. Boese.

Mr. Crane stated that he was claiming the property that was described in his deed, the property that belonged to Dimsdale— the property that he bought from Mr. Dimsdale. After repeating the foregoing claim in substantially the same manner several times on cross examination, his deed was admitted into evidence, although not set forth in the abstract. He was then asked on cross examination:

"Q. (By Mr. Braly) All right, do you claim anything else, sir, other than what is in this warranty deed?

"A. No, sir."

It is contended that this is an admission by the defendant, Mr. Crane, that claim is made only to the "true line" shown by the survey, and by reason thereof title by adverse possession has not been acquired. This argument has no merit for two reasons: First, the abstract has not set forth the deed in question and we do not know what property is described therein. Further, there is no testimony as to what property is described in the deed. Error must be affirmatively shown. The deed presumably contained the usual language that the grantee was to have and to hold all and singular the tenements, hereditaments and *appurtenances belonging to the property conveyed.* If this be true, then the defendants took title to the garage and the land upon which it was situated. (*Kansas*

*Power & Light Co. v. Waters,* supra.) Second, the facts are that the defendants' predecessors in title did take possession of the garage and openly used it for their own use and to the exclusion of all others from 1925 on. It is admitted that the plaintiffs had no interest in the adjoining property until 1944, at which time they entered into a contract to purchase. It was not until 1951 that they received a deed to their property. Therefore, the statute of limitations had run in favor of the defendants' predecessors in title, the Dimsdales, whose title had ripened by adverse possession to the small tract in question several years before the plaintiffs had any interest in or about the abutting property. (*Kansas Power & Light Co. v. Waters,* supra.)

It is argued that if the Dimsdales claimed ownership to property beyond the survey they would have conveyed this strip of land to the defendants by their deed. This deed is not set forth in the abstract and it is not disclosed what property the Dimsdales conveyed. The only survey offered in evidence in this case was not made until April 25, 1955, a few days prior to the filing of the petition in this case. The defendants' predecessors in title knew nothing about this survey, and since it was not in existence until a few days before the filing of this lawsuit it could not have played a part in any assumed mistake as to the occupancy of the land in question. Furthermore, it has been held that no paper evidence of any transfer of possession held under a claim of adverse possession is necessary, and that when possession of real estate is actual it may be commenced in parol without deed or writing and may be transferred and passed from one occupant to another by a parol bargain and sale accompanied by delivery. (*Manufacturing Co. v. Crawford,* 84 Kan. 203, 114 Pac. 240; *Tucker v. Hankey,* supra; and *Truck-Trailer Supply Co. Inc. v. Farmer,* supra.)

A case almost identical to the instant case in material respects is *Kansas Power & Light Co. v. Waters,* supra, where adverse possession was commenced in 1924 and was completed insofar as the statute of limitations was concerned in 1939, and no question was raised by the adjoining owner or his predecessor in title until 1948.

Plaintiffs specified as error the exclusion of certain evidence. After Otto Boese had testified concerning the location of a new garage which he was about to construct on his property next to the garage in question on the defendants' property, he quoted Mr. Dimsdale as saying: "Don't forget. I have got 36 feet of ground on my

deed, That's what I want." This testimony was first stricken by the court on objection as not responsive, but was later brought in and objected to as hearsay, after which the court stated: "Well, the Court understands that this conversation would be hearsay evidence." It is not apparent from this statement whether the testimony was rejected or received.

Declarations made by a person claiming title by adverse possession, while he was in possession of the property, serve to show the character of the right he was asserting and are admissible as verbal parts of his act of occupation. (*Liebheit v. Enright*, 77 Kan. 321, 94 Pac. 203.) Such declarations even when self-serving are admitted in evidence if part of the *res gestae*. (*Gordon v. Munn*, 87 Kan. 624, 636, 125 Pac. 1.)

The rule requiring the exclusion of hearsay testimony is not applicable where verbal acts are a part of the *res gestae*. Under the heading of *res gestae* it is said in VI Wigmore, Evidence, Third Edition, § 1778, as follows:

"Accordingly, it has never been doubted that all declarations *by the occupant*, importing a *claim of title* in himself, are admissible as verbal parts of his act of occupation, serving to give it an adverse color; while his declarations of *disclaim*, conceding another's title, are equally receivable as giving it the contrary color. Such declarations of claim are in no sense testimony to the deed or other source of title that may be thus asserted; and in that aspect they would clearly violate the Hearsay rule. They are merely verbal parts going to make up the whole act of occupation, and are not given any testimonial force as credible assertions:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The limitations of this doctrine must, however, be observed. It assumes that adverse possession is in some way *material* under the issues of the case (forcible entry, prescriptive title, or otherwise), and that the declarations were made when *in possession*, and that they are not offered except as *coloring the occupation*." (pp. 205, 206.)

The following is stated in 1 Am. Jur., Adverse Possession, § 240, p. 926:

"It is generally recognized that evidence of the acts and declarations of the claimant, or *his predecessors* in possession, during the statutory period, is admissible to show the nature of his possession.  .  .  .  .  Furthermore, the acts and declarations of the claimant or his predecessors in possession have been held admissible in evidence in some instances, *even after the lapse* of the statutory period, to show that the possession was or was not adverse." (Emphasis added.)

(See, also, annotation in 97 A. L. R. 103.)

The statement of Mr. Dimsdale is admissible for another reason —as an exception to the hearsay rule. The statement attributed to him is a declaration against interest. That would be true here because the declaration was made while Dimsdale, one of the defendants' vendors, had possession of the property in question. (*Kitchell v. Hodgen*, 78 Kan. 551, 97 Pac. 369.) This would not be true if the statements really were not against interest, or if they were merely narrations of past events to contradict another story.

In the instant case, however, it appears that in the rebuttal testimony of Otto Boese, as abstracted, the substance of the foregoing statement attributed to Mr. Dimsdale was admitted in evidence without objection. The defect, if any, has thus been cured.

Plaintiffs specify that it was error to exclude the testimony of Albert Caton, who is alleged to have been present and overheard the conversation between Otto Boese and Mr. Dimsdale touching upon the foregoing statement. At no place does the record, as abstracted, disclose what the testimony of Albert Caton would have been concerning this conversation which he is alleged to have overheard. No proffer of his testimony was made during the trial of the case, nor does the abstract disclose that a proffer was made on the motion for a new trial. It further appears from the record, as abstracted, that Albert Caton was permitted as a rebuttal witness to testify to the full extent of his knowledge concerning these matters without objection. Under these circumstances the appellants are in no position to complain of error.

Having concluded that no reversible error was committed by the trial court in the exclusion of evidence, the case resolves into one in which the trial court, after hearing all the evidence, found in favor of the defendants on every controverted question of fact. Even though the record discloses evidence which would support a contrary finding, nevertheless, the finding by the trial court that the defendants acquired title by adverse possession was based on competent substantial evidence and will not be disturbed on appeal. (*In re Estate of Guest*, 182 Kan. 760, 324 P. 2d 184, No. 40,872, decided April 12, 1958; and *Bruington v. Wagoner*, 100 Kan. 439, 164 Pac. 1057.) By both acts and words the intention of the Dimsdales to claim adversely was manifested. The evidence was competent to show that the defendants and their predecessors in title, the Dimsdales, exercised continuous, open, notorious, exclusive and adverse possession of the property in question for more than 29

years at the time the petition was filed. The Dimsdales had repeatedly expressed their intention by words to various persons, who from time to time were the owners of the property to the west, that they claimed to a point west of their garage indicated by stakes. The conduct of the plaintiffs in building the retaining wall between the properties, which recognized defendants' ownership of all the property upon which the garage was situated, convincingly indicated that the plaintiffs had no intent contrary to the acts, conduct and intent of the Dimsdales established over a long period of time. The visual inspection of the property made by the trial court revealed two clearly defined ownerships and occupancies by the respective properties, and the plaintiffs lived in the property adjoining the Dimsdales for 10 years without bringing an action against the Dimsdales.

In view of what has heretofore been said the trial court did not err in overruling plaintiffs' demurrer to the defendants' evidence.

The appellants having failed to make it affirmatively appear that reversible error has been committed, the judgment of the trial court is affirmed.

JACKSON, J., not participating.