No. 43,792

IRA T. UNRUH, *Appellant,* v. WEBB WHORTON, PEARL O'SHAY and IRMINA COOK, *Appellees.*

(397 P. 2d 84)

Opinion filed December 12, 1964.

*Earl C. Moses, Jr.,* of Great Bend, argued the cause and was on the brief for the appellant.

*Robert P. Keenan,* of Great Bend, argued the cause, and *Larry E. Keenan,* of Great Bend, was with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: In June, 1962, plaintiff Unruh filed a quiet title action against defendants O'Shay and Cook. Shortly thereafter plaintiff filed an ejectment action against the same defendants and their tenant, Whorton. The actions presented the same question and were tried as one case. Plaintiff has appealed from an adverse judgment. For convenience, we show the title of the case on appeal as the parties are listed in the ejectment action.

Basically, the case involves the title and right to possession of three tracts ("A," "B," and "C") of land near the Arkansas River in Barton county. A map of the area is contained in the abstract and upon oral argument of the appeal it was conceded that only two tracts, designated as "B" and "C," are involved.

At a pre-trial conference it was stipulated that tracts "A" and "C" resulted from accretion which occurred prior to the issuance of a patent to defendants; that defendants and their predecessors in title had been in possession of tract "A" since the issuance of their patent dated December 2, 1927; that plaintiff did not claim to be in possession of tracts "B" and "C," but did claim a right thereto, and that plaintiff's predecessor in title was issued a patent covering all three tracts prior to defendants' patent to tract "A," and that the same was properly issued and recorded.

The issues of fact to be determined were whether, since 1927, defendants had been in open, notorious and hostile possession of the

tracts in question under claim of right or color of title. The questions of law presented were whether title by adverse possession can be perfected by one who has been in actual, exclusive, open and continuous possession for the requisite period, without knowledge, and whether, in such case, a claimant must be aware of his title deficiency, and further, whether the defense of adverse possession is available to defeat an action to quiet title.

Considerable evidence, both oral and documentary, was introduced at the trial, and at the conclusion thereof the court, with respect to defendants O'Shay and Cook ruled:

"It is the finding of the court that the defendants, through themselves and their predecessors in title, have been in open, notorious, exclusive, adverse, and hostile possession of the tracts designated "A," "B," and "C" on the plat introduced in evidence in this case as Plaintiff's Exhibit 1, since 1927, or a period of more than fifteen years, and that there are no factual circumstances or legal principles which in any way bar the defendants from claiming title to the tracts as indicated and all of them by adverse possession, and it is the ruling of the court accordingly that they are the owners of said tracts and title is quieted in them as tenants in common."

and an appropriate order was made with reference to defendant Whorton, the tenant.

Judgment was entered accordingly and plaintiff has appealed, contending that defendants cannot sustain the defense of adverse possession upon the theory of claim of right when as a matter of fact the original possession was had under color of title and possession continued throughout the statutory period upon that belief.

Highly summarized, the evidence which supports the judgment rendered, established the following:

Defendants' predecessors in title received a patent from the state dated December 2, 1927, covering tract "A." They immediately served notice to the occupant of all land lying north of a fence (which included the area now designated as tracts "B" and "C") that they would take possession after the wheat harvest of 1928. Neither the plaintiff nor his father made any claim of right or interest in and to the three tracts throughout the 35-year period, and plaintiff had offered to buy the property north of the fence from the defendants. On cross examination plaintiff testified that defendants had been in continuous possession since 1928 of all land lying north of the fence to the river, that they had farmed it through the years, that they had cleared trees off of tract "C"

and had built an elevator with the wood, and that it was his impression that defendants owned everything from the fence to the river, which area, as before stated, included all of tracts "A," "B" and "C." He further testified that during the entire period from 1927 defendants had been in full control over the property in question, and that up until this action was filed he neither mentally nor physically made any claim to any part of the land in question. In 1931 plaintiff's predecessor in title was the chief petitioner in a road condemnation proceeding and in which defendants were allowed damages for land taken off of the east side of the tracts in question, which petition thus acknowledged ownership of the tracts in defendants.

It is considered unnecessary to indulge in a lengthy discussion of the well established principles relating to the law of adverse possession. They have been stated many times. In *Fear v. Barwise,* 93 Kan. 131, 143 Pac. 505, it was held:

"Possession to be adverse need not be under color of title, but must be with claim of right. Claim of right, claim of title, claim of ownership, and hostile possession, are different expressions used to indicate the intention of the possessor to appropriate the land to his own use regardless of his rival's claims." (Syl. 3.)

The subject is exhaustively treated in *Truck-Trailer Supply Co. Inc. v. Farmer,* 181 Kan. 396, 311 P. 2d, 1004, and *Boese v. Crane,* 182 Kan. 777, 324 P. 2d, 188. See also *Manville v. Gronniger,* 182 Kan. 572, 322 P. 2d, 789.

In an action such as this a plaintiff must rely on the strength of his own title and not on the weakness of that of his adversary, and where there is dispute or doubt as to whether the occupant of lands claims adversely so as to acquire title by adverse possession, a question of fact is presented to be determined by the trier of the facts, and the determination so made, if based upon substantial competent evidence, is binding on appeal. The evidence in this case, a portion of which has heretofore been summarized, fully supports the claim of defendants and the judgment rendered.

No error appearing, the judgment is affirmed.