No. 44,839

Bernice E. Martin, *Appellant,* v. Charles S. Martin and Elaine Martin, *Appellees.*

(434 P. 2d 833)

Opinion filed December 9, 1967.

*John Jordan,* of Wichita, argued the cause, and *Ralph B. Foster, Dale B. Stinson, Jr., Gerald D. Lasswell* and *Leonard D. Munker,* all of Wichita, were on the brief for appellant.

There was no appearance or brief on behalf of appellees.

*Charles S. Martin* and *Elaine Martin,* of Honolulu, Hawaii, *pro se.*

The opinion of the court was delivered by

Fromme, J.: The present appeal is from a judgment determining title to certain real estate consisting of an apartment house in Wichita, Kansas.

The plaintiff, Bernice E. Martin, filed a petition claiming full title to the real estate, alleging the defendants Charles S. Martin and Elaine Martin, his wife, claimed some estate in the property, the nature of which was unknown but inferior and subject to the title of plaintiff. The petition prayed that plaintiff's title be quieted. The defendant Charles S. Martin appeared in the court below and claimed one-quarter interest in the property by virtue of a recorded deed. The trial court decreed that plaintiff owned an undivided three-quarter interest and the defendant Charles S. Martin owned the remaining one-quarter interest in the property.

Plaintiff appeals from this judgment. The defendants live in Honolulu, Hawaii. Their motion to dismiss the appeal was denied and they thereupon advised this court they could not appear or argue the cause and would submit the same upon the record filed by the appellant.

A resumé of the facts leading up to the present controversy is required. C. T. Martin was the father of four children, John, Harry, Edna and the defendant Charles S. Martin. He married the

plaintiff, Bernice E. Martin, in 1946, nine years before his death. He and the plaintiff had no children born of their marriage. C. T. Martin owned an apartment building at 138 East 15th Street which he was constructing at the time of the marriage. This property was later sold and the proceeds used to build an apartment building at 812 North Topeka Avenue. In 1949 this property was sold and C. T. Martin constructed two apartment buildings at 937 West Central Avenue. Title to this real estate was taken in the name of his son John. The two buildings were later sold. The proceeds from the sale of one of these apartment buildings were received by the plaintiff. The proceeds from the sale of the other apartment building were used to purchase lots and build an apartment building at 933 West Central Avenue. This is the property now in question. The lots were purchased in September 1950 from Otto and Millie A. Trissal who conveyed by warranty deed. At the direction of C. T. Martin the four children, John, Harry, Edna and Charles S. Martin were named as grantees in this deed. Construction was completed on the apartment building in 1951 and the plaintiff and her husband moved into one of the four apartments. Plaintiff continued to occupy the apartment until after the present action was filed in 1966. Her husband, C. T. Martin, died in 1955. In June 1965 three stepchildren, John, Harry and Edna, deeded their interest in this property to the plaintiff. No deed was forthcoming from the defendants, Charles S. Martin and Elaine Martin, his wife. Therein lies the lawsuit.

During the trial the two deeds were introduced in evidence. One was the warranty deed from Mr. and Mrs. Trissal to the four children. The other was a deed from three children and their spouses to the plaintiff.

John testified on behalf of his stepmother. His testimony in summary was as follows: For some strange reason his father insited on putting title to property in the names of the children. Prior to his father's death the children cooperated by signing any necessary papers and John did not consider he was an owner of the property. His stepmother collected all rents from the apartments after her husband died, looked after the apartment building and paid the taxes. The tax statement was issued in the name of John Lee Martin, *et al.*, but was mailed to 933 West Central Avenue and received by the stepmother.

The plaintiff testified in summary as follows: Her husband had

his account at the Union National Bank and the proceeds of the sale of one of the apartment buildings at 937 West Central were deposited there. This money was used to buy the lots and construct the apartment building now in controversy. She received the proceeds of the sale of the other apartment building and gave $5,000 to the four stepchildren because she wanted to do so. Plaintiff further testified that she knew the building permit at 937 West Central had been issued in the name of her stepson John. She talked to her husband about it. He told her it was a mistake but she did not believe him because the building inspector didn't make mistakes like that.

She further testified that a neighbor advised her that the property in controversy had been placed in the children's names. This was in 1951. When her husband died in 1955 she knew the property was in the stepchildren's names but wasn't going to fuss with them. She testified: "It was my property and I knew it and I was going to keep it." For the next eleven years she lived in the property, looked after it, collected rents and paid the taxes.

Two questions are posed by plaintiff-appellant in her brief.

She contends first the evidence supports her claim to title by adverse possession. The trial court specifically found against plaintiff on this point.

Our statute on adverse possession is K. S. A. 60-503. It reads:

"No action shall be maintained against any person for the recovery of real property who has been in open, exclusive and continuous possession of such real property, either under a claim knowingly adverse or under a belief of ownership, for a period of fifteen (15) years. This section shall not apply to any action commenced within one (1) year after the effective date of this act."

We find no evidence in the record to support plaintiff's claim of title by adverse possession. Her claim to exclusive title did not arise until the death of her husband in 1955. This was less than fifteen years prior to filing the action. The court found adverse possession by plaintiff was not evident. In *Unruh v. Whorton,* 194 Kan. 32, 397 P. 2d 84, a quiet title action, this court said:

"In an action such as this a plaintiff must rely on the strength of his own title and not on the weakness of that of his adversary, and where there is dispute or doubt as to whether the occupant of lands claims adversely so as to acquire title by adverse possession, a question of fact is presented to be determined by the trier of the facts, and the determination so made, if based upon substantial competent evidence, is binding on appeal. The evidence in this case, a portion of which has heretofore been summarized, fully supports the claim of defendants and the judgment rendered." [p. 34.]

The evidence in the present case fully supports the claim of defendant Charles S. Martin and the judgment rendered.

Plaintiff next contends the conveyance of the property from Mr. and Mrs. Trissal to the four stepchildren was a fraud on her marital rights and was void.

The testimony clearly shows that plaintiff knew of this deed both before and after the death of her husband in 1955 and took no steps to assert her claim of fraud until the present action was filed in 1966.

K. S. A. 60-513 provides:

"The following actions shall be brought within two (2) years:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"(3) An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered."

As shown by plaintiff's evidence such a claim is now barred.

Appellant makes a brief argument that a resulting trust should have been decreed by the trial court in her favor. Such a theory was neither pleaded nor proven. The rationale of *Harrington v. Harrington*, 172 Kan. 549, 241 P. 2d 513, is based upon proof of an agreement between the husband and wife as to use of certain proceeds of sale. No such agreement appears in the present record.

Appellant in her brief attacks the validity of the deed from the Trissals to her four stepchildren on various grounds. These contentions appear somewhat adverse to her own title which she now holds by virtue of a deed from three of these stepchildren. The lower court upheld the deed and determined appellant owns a three-quarter interest in the property through mesne conveyances from the three children and defendant Charles S. Martin owns a one-quarter interest by virtue of the Trissal deed.

When a party seeks to quiet his title to real estate he must proceed upon the strength of his own title and not the weakness of his adversary. (*Ordway v. Cowles*, 45 Kan. 447, 25 Pac. 862; *Intfen v. Hutson*, 145 Kan. 389, 65 P. 2d 576; *Unruh v. Whorton*, supra.)

An examination of the record fails to disclose error and the judgment is affirmed.